UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PAMELA COPLEY,**

    **Plaintiff,**

v.                                Case No.  8:07-cv-2100-T-30TGW

**FLORIDA PHYSICIANS INSURANCE COMPANY, et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss, or Alternatively, Motion for Summary Judgment (Dkt. 11), and Defendants' Motion to Stay Case Management Report Requirements (Dkt. 13).  Plaintiff has failed to timely respond to Defendants' motions.  The Court, having considered the instant motions and supporting memoranda without a response, determines that the Motion to Dismiss should be granted and the Motion to Stay should be denied as moot.

### Background

Plaintiff Pamela Copley ("Plaintiff") was employed by Florida Physicians Insurance Company[1] ("FPIC") as a claims adjuster from April 12, 2004, through April 3, 2007.

---

[1] In its Motion to Dismiss, Defendant states that "Florida Physicians Insurance Company" ceased to exist in 2001, and that the correct name of Plaintiff's former employer is "First Professionals Insurance Company."  Defendants claim to have informed Plaintiff's counsel of this fact.  As of the date of this Order, Plaintiff has not sought to amend her Complaint to make this change.

Plaintiff claims that FPIC and the other Defendants improperly classified her as an exempt employee for purposes of federal overtime wage requirements, failed to pay her overtime wages in violation of the Fair Labor Standards Act ("FLSA"), and engaged in conduct to conceal her non-exempt status. Defendants have moved to dismiss her Complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, arguing that Plaintiff has failed to state a claim upon which relief can be granted because claims adjusters are considered to be administrative employees exempt from the FLSA.

## Discussion

### I.   Motion to Dismiss Standard Under 12(b)(6)

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). However, "a plaintiff's obligation to provide the

'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1959.

## II. Legal Analysis

Pursuant to the FLSA, employers are required to compensate employees at a rate of one and one-half times their regular rate for hours worked in excess of forty hours per week. 29 U.S.C. § 207(a)(1). However, employees employed in a bona fide administrative capacity, as defined by regulations of the Secretary of Labor (the "Secretary"), are exempt from this requirement. 29 U.S.C. § 213(a)(1). Pursuant to regulations enacted by the Secretary in 2004, the term "employee employed in a bona fide administrative capacity" is defined as any employee:

> (1) Compensated on a salary or fee basis at a rate of not less than $455 per week (or $380 per week, if employed in American Samoa by employers other than the Federal Government), exclusive of board, lodging or other facilities;
>
> (2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and
>
> (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

29 C.F.R. § 541.200. The regulations list jobs that generally satisfy the duties requirements for the administrative exemption, and specifically address "insurance claims adjusters" as follows:

> Insurance claims adjusters generally meet the duties requirements for the administrative exemption, whether they work for an insurance company or other type of company, if their duties include activities such as interviewing insureds, witnesses and physicians; inspecting property damage; reviewing factual information to prepare damage estimates; evaluating and making recommendations regarding coverage of claims; determining liability and total value of a claim; negotiating settlements; and making recommendations regarding litigation.

29 C.F.R. § 541.203(a).

Plaintiff has identified herself as an insurance claims adjuster in her Complaint, but has failed to plead sufficient facts demonstrating how or why she should not be classified as an administrative employee exempt from the FLSA. Furthermore, as Plaintiff has failed to respond to the instant motion, it appears to the Court that she does not take issue with Defendant's argument that her job duties mirrored those set forth in 29 C.F.R. § 541.203(a). Accordingly, the Court concludes that Plaintiff's Complaint should be dismissed without prejudice.

As Plaintiff may be able to allege a set of facts that would show her duties and responsibilities are different than those set forth in 29 C.F.R. § 541.203(a), the Court will provide her with the opportunity to plead such facts. The Court declines ruling on Defendant's alternative motion for summary judgment at this time. Should Plaintiff amend her Complaint, Defendant's may again move for summary judgment following appropriate discovery on this issue.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss (Dkt. 11) is **GRANTED**. Plaintiff's Complaint is **DISMISSED without prejudice**.

2. Plaintiff may amend her Complaint within twenty (20) days of the date hereof. Failure to do so will result in the dismissal of her claims with prejudice, and the closure of this case without further notice.

3. Defendants' Motion to Stay Case Management Report Requirements (Dkt. 13) is **DENIED as moot**.

**DONE** and **ORDERED** in Tampa, Florida on February 26, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2007\07-cv-2100.mt dismiss.frm